**In re Alice HOWARD, Debtor.**

**No. 05–16463.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 31, 2005.

---

Timothy J. Peyton, Kepler & Peyton, Madison, WI, for Debtor.

MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Alice Howard filed a Chapter 13 bankruptcy petition in this court August 17,

2005. She had filed two previous Chapter 7 bankruptcies, one in 1995 and one in 1996, in which she failed to pay the required filing fees. Each case was dismissed for that reason. The debtor owes a total of $335.00 to the court for those unpaid fees ($160.00 for the 1995 case and $175.00 for the 1996 case).

The debtor filed an application to pay the filing fee for her current bankruptcy in installments. At the behest of the Clerk of Court I issued an Order to Show Cause why the debtor's failure to pay her previous filing fees should not cause her case to be dismissed pursuant to 11 U.S.C. § 109(g)(1).

On September 12, 2005, the debtor appeared as ordered and argued that dismissal is inappropriate because the debt owed to this court is just a general unsecured debt. The matter was taken under advisement to determine how a debt for unpaid filing fees in previous cases should be treated in the debtor's current bankruptcy.

The Bankruptcy Clerk's request for dismissal cited 11 U.S.C. § 109(g)(1). However, this section is inapplicable to the debtor's case because it addresses the debtor's actions in the 180 days preceding the current bankruptcy.

### § 109. Who may be a debtor

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

The debtor's most recent bankruptcy in which she failed to pay the filing fee was in 1996, well outside the 180 day applicability period for 11 U.S.C. § 109(g).

The situation in this case has not been previously reported in the Seventh Circuit. However, in other circuits, cases dealing with this issue have held that fees owed for previous filings should be treated only as a general claim. In an unpublished decision, the Bankruptcy Court for the District of Idaho was presented facts similar to our case and decided that fees owed for a prior bankruptcy filing should not be the sole cause to dismiss the case. *In re Machdanz*, Not Reported in B.R., 1994 WL 740457 (Bankr.D.Idaho 1994). The argument for dismissal in *In re Machdanz* was that 11 U.S.C. § 1307 would require dismissal of the present case if the previous fees were not paid. *Id.* at *1. Section 1307 provides:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> > (2) nonpayment of any fees and charges required under chapter 123 of title 28;

Chapter 123 of title 28 contains an extensive list of fees and cost that individuals availing themselves of the court system are subject to. The section relevant to bankruptcy is 28 U.S.C. § 1930 which provides:

> (a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:
>
> > (1) For a case commenced under chapter 7 or 13 of title 11, $155.

The court in *In re Machdanz* rejected the argument that the case should be dismissed under 11 U.S.C. § 1307(c)(2), noting that although the statute does not limit dismissal for nonpayment of fees to fees in the current case, that can be inferred from the fact that none of the other grounds for dismissal have extended to previous bankruptcy filings. *Id.* Also, if the application of 11 U.S.C. § 1307(c) were not limited to cases before the court, the statute would reach nonpayment of fees for cases filed at any time in any other federal court if identified in 28 U.S.C. Chapter 123. *Id.* Since an all-inclusive reading of 11 U.S.C. § 1307(c) would lead to this strange result, the statute must be read to only include current cases before the court. *Id.* at *2. The logic of *Machdanz* is compelling.

Upon the foregoing it appears that the debtor has indeed shown cause and the case shall not be dismissed. It may be so ordered.

### ORDER

**IT IS HEREBY ORDERED** that the debtor's case shall not be dismissed.